UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. KELLEY,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>Defendants. | No. 2:17-cv-01804-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Plaintiff seeks redress from Caliber Home Loans, Inc. ("Caliber"), US Bank National Association ("US Bank"), JP Morgan Chase Bank ("JP Morgan"), and Quality Loan Service Corporation ("Quality") for negligence, wrongful disclosure, and violations of California Business and Professions Code § 17200 and California Civil Code § 2923.6–7. JP Morgan removed on diversity grounds. The instant matter before the Court is Plaintiff's Motion to Remand (ECF No. 11). For the reasons provided below, Plaintiff's Motion to Remand is DENIED.[1]

///
///
///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

This case stems from the foreclosure of Plaintiff's real property. Plaintiff bought the subject property in 2004 with her now ex-husband. The original mortgage lender was Chase Bank USA, N.A. After their divorce in 2012, Plaintiff's ex-husband executed a quitclaim deed in favor of Plaintiff pursuant to a family court order. Subsequently in 2012, Plaintiff accepted a loan modification after getting behind on her payments. The loan servicer at the time was Chase Home Finance, LLC ("Chase"). JP Morgan would eventually become the successor-in-interest to the property via merger with Chase. She fell behind on her payments again in early 2014 and attempted to work with Chase and another entity, Keep Your Home California, to explore mortgage assistance options.

On June 9, 2015, Quality recorded a Notice of Default against Plaintiff's property. Shortly thereafter, Plaintiff allegedly submitted to Chase a complete Request for Mortgage Assistance Form with supporting documentation. Sometime in 2015, Chase assigned its interest in the property to US Bank, and in August of that year, Caliber took over servicing. On September 22, 2015, Caliber and Quality recorded a Notice of Trustee's Sale. Plaintiff alleges neither Caliber nor Quality contacted her regarding the Notice and that if they had she would have informed them of her pending loan modification application.

Quality apparently recorded another Notice of Trustee's Sale on October 26, 2015, setting the sale date for November 2015. Plaintiff and Caliber then exchanged communications concerning Plaintiff's loan modification through April 8, 2016, disagreeing over whether Plaintiff needed to submit a divorce decree in order to qualify under the Home Affordable Modification Program. Plaintiff claims she never received a detailed written response denying or approving her loan modification application. On May 18, 2018, the property was sold. Caliber recorded a Trustee's Deed Upon Sale on

///

---

[2] The facts are taken from the Complaint and the parties' briefing on this matter.

2

May 26, 2016, and Quality, as trustee, granted all right, title and interest in the property to US Bank.

On July 19, 2017, Plaintiff filed her Complaint in the Superior Court of the State of California for Sacramento County. Defendant then removed the case to this Court on August 28, 2017, citing diversity jurisdiction and arguing that Quality, a California corporation, is a fraudulently joined nominal defendant whose citizenship should be disregarded for diversity purposes. Plaintiff, on the other hand, argues that Quality is a proper defendant and its presence in the action destroys diversity.

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of

3

removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney's fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

**ANALYSIS**

In the present case, JP Morgan removed this action based on its claim that there is complete diversity of citizenship between the parties. There is no dispute that Plaintiff is a California resident and that Caliber, US Bank, and JP Morgan are diverse from Plaintiff. There is also no dispute that Quality is a California resident. The issue is whether Quality's citizenship destroys diversity. Ordinarily, it would. But here Defendant argues that Quality was fraudulently joined in the action, and as a result, its citizenship should be ignored for purposes of determining diversity. If Quality was fraudulently joined, then there is no question that complete diversity exists between the parties. That is therefore the focus of the Court's inquiry.

"[F]raudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). In assessing whether the joinder of a party is fraudulent and a "sham" intended only to defeat diversity, courts look to whether the plaintiff has failed to "state a cause of action against a resident defendant, and whether that failure is obvious according to the settled rules of the state." Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Where a plaintiff has obviously failed to state any claim under such settled law, remand for lack of

4

1  diversity would be improper.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067–68
2  (9th Cir. 2001).

3       Defendants are entitled to present facts showing fraudulent joinder.  Ritchey,
4  139 F.3d at 1318.  There is a general presumption against fraudulent joinder, however,
5  and it is the defendant's burden to prove it by clear and convincing evidence.  Hamilton
6  Materials, Inc., 494 F.3d at 1206.  Simply alleging that a plaintiff has not pled sufficient
7  facts to state a claim does not necessarily suffice if plaintiff could potentially amend the
8  complaint to allege a viable claim.  Birkhead v. Parker, 2012 WL 4902695 at *2–3 (N.D.
9  Cal. Oct. 15, 2012); see also Good v. Prudential, 5 F. Supp. 2d 804, 807 (N.D. Cal.
10 1998) ("[T]he defendant must demonstrate that there is no possibility the plaintiff will be
11 able to establish a cause of action in State court against the alleged sham defendant.").
12 Indeed, as the Ninth Circuit has recently clarified, if a plaintiff's complaint can withstand a
13 Rule 12(b)(6) motion with respect to a particular defendant, that defendant had not been
14 fraudulently joined; but the reverse is not true, and if a defendant cannot withstand a
15 Rule 12(b)(6) motion, the fraudulent joinder inquiry does not end there.  GranCare v.
16 Thrower, 2018 WL 1955039, --- F. 3d ---, at * 4 (9th Cir. April 28, 2018).  In sum, "a non-
17 diverse defendant is deemed a sham defendant if, after all disputed questions of fact
18 and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the
19 plaintiff could not possibly recover against the party whose joinder is questioned."
20 Hernandez v. Ignite Rest. Group, Inc., 917 F. Supp. 2d 1086, 1091–92 (E.D. Cal. 2013).

21      Although a defendant bears the burden of establishing a fraudulent joinder, the
22 assessment must be based largely on the allegations of the plaintiff's complaint and "not
23 through the subjective knowledge or a duty to make further inquiry."  Harris v. Bankers
24 Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Diversity jurisdiction should
25 consequently be analyzed at the time the complaint is filed and removal is effectuated.
26 Strotek Corp. v. Air Transp., Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002); Toth v.
27 Guardian Indus. Corp., 2012 WL 468244 at *5 (E.D. Cal. Feb. 13, 2013) ("the weight of
28 ///

authority holds that review of the complaint, even in fraudulent joinder cases, is constrained to the facts actually alleged therein").

Plaintiff of course argues that Quality was not fraudulently joined. Specifically, it asserts there is a viable claim against Quality under California Civil Code § 2923.6(c), which provides that if a borrower has submitted a completed application for a loan modification, "a mortgage servicer, mortgagee, <u>trustee</u>, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending" (emphasis added). Such recording of a notice of default or sale while a loan modification application is pending is called "dual tracking," and the statute clearly prohibits trustees from engaging in the practice. It would appear, therefore, at least facially, that there is a viable claim against Quality, a trustee whom Plaintiff alleges participated in dual tracking. But ultimately, the Court finds Defendant has the better argument. Indeed, recent case law in this district indicates that despite the language of the statute, Quality's status as trustee renders it a nominal defendant such that its citizenship should be disregarded for the purposes of determining diversity.

The facts in <u>Ogamba v. Wells Fargo Bank, N.A.</u>, 2017 WL 4251124 (E.D. Cal. Sept. 26, 2017) are remarkably similar to those here and this Court finds the reasoning therein persuasive. In <u>Ogamba</u>, Plaintiff brought a wrongful foreclosure suit against the purchaser, the trustee, and her loan servicer. <u>Id.</u> at *1. After the defendants removed on the grounds that the purchaser and trustee were fraudulently joined such that diversity jurisdiction did in fact exist, the plaintiff moved to remand on the same grounds Plaintiff relies on here, namely that the trustee is liable under the express language of section 2923.6(c) for dual tracking. The Court provided:

///
///
///
///

6

| | |
|---|---|
| 1 | Yet the same statute provides that "[n]othing in this section shall be construed to alter, limit, or negate any other rights, remedies, or procedures provided by law." Cal. Civil Code § 2924.12(h). One such preexisting right is the qualified privilege barring a trustee's liability, absent "actual malice," for performing statutorily required, non-judicial foreclosure duties, including mailing, publicizing and delivering notices. See id. . . . . Here, the only acts attributable to [the trustee] are those it was statutorily required to perform, and the complaint alleges no facts suggesting actual malice. [The trustee's] acts, therefore, are insulated from liability. |

Ogamba, 2017 WL 4251124, at *3. So too here. Indeed, it appears Quality's only role was to record the Notices of Default and Trustee's Sale, and to re-convey the property after the sale. This parallels the trustee's role in Ogamba, and Quality therefore must be considered a nominal fraudulently joined defendant for the reasons set forth in that Order.

Moreover, as Defendants point out, holding otherwise would allow plaintiffs in cases like these to consistently defeat diversity jurisdiction merely by tacking on a trustee as a defendant. Although the statute seems to facially impose liability on trustees for dual tracking, the qualified immunity afforded them in the statute's next breath is sufficient to disregard their citizenship for diversity purposes, absent an indication of actual malice. In this case, Quality is merely the trustee whose only role was to foreclose the defaulted mortgage loan and to re-convey the deed of trust once the secured debt was satisfied, and there is no indication Plaintiff intends to plead Quality acted with malice. The substance of Plaintiff's claims is therefore truly directed at the other Defendants. Accordingly, Plaintiff's Motion to Remand (ECF No. 11) is DENIED.

///
///
///
///
///
///

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 11) is DENIED. As such, Plaintiff's request for sanctions is also DENIED.

IT IS SO ORDERED.

Dated: May 2, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE