UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JULIE A. KELLEY, | No. 2:17-cv-01804-MCE-AC |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| CALIBER HOME LOANS, INC.; JPMORGAN CHASE BANK, N.A.; U.S. BANK TRUST, N.A.; QUALITY LOAN SERVICE CORPORATION; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Plaintiff Julie Kelley ("Plaintiff") filed the operative Complaint against Defendants Caliber Home Loans, Inc. ("Caliber"), U.S. Bank Trust, N.A. ("Trust"),[1] JPMorgan Chase Bank ("Chase"), and Quality Loan Service Corporation ("Quality") (collectively "Defendants"). Compl., ECF No. 1. Before the Court are Motions to Dismiss filed by both Caliber and Trust, ECF No. 19, and Chase, ECF No. 22.[2] For the reasons stated below, Caliber and Trust's Motion to Dismiss is GRANTED in part and DENIED in part, and Chase's Motion to Dismiss is GRANTED.

---

[1] Trust was sued erroneously as U.S. Bank National Association.

[2] Because oral argument would not have been of material assistance in deciding these motions, the Court ordered that they be submitted on the briefs pursuant to Local Rule 230(g).

1

# BACKGROUND[3]

This case stems from the foreclosure of Plaintiff's real property. Plaintiff bought the subject property in 2004 with her now ex-husband. The original mortgage lender was Chase Bank USA, N.A. After their divorce in 2012, Plaintiff's ex-husband executed a quitclaim deed in favor of Plaintiff pursuant to a family court order. Subsequently in 2012, Plaintiff accepted a loan modification after falling behind on her payments. The loan servicer at the time was Chase Home Finance, LLC. Defendant Chase would eventually become the successor-in-interest to the property via merger with Chase Home Finance. Plaintiff again fell behind on her payments in early 2014 and attempted to work with Chase to explore mortgage assistance options.

On June 9, 2015, Quality recorded a Notice of Default against Plaintiff's property. Shortly thereafter, Plaintiff allegedly submitted to Chase a complete Request for Mortgage Assistance Form with supporting documentation. Sometime in 2015, Chase assigned its interest in the property to Trust, and in August of that year, Caliber took over servicing. On September 22, 2015, Caliber and Quality recorded a Notice of Trustee's Sale. Plaintiff alleges neither Caliber nor Quality contacted her regarding the Notice and that if they had she would have informed them of her pending loan modification application.

On October 26, 2015, Quality recorded another Notice of Trustee's Sale, setting the sale date for November 2015. Plaintiff and Caliber then exchanged communications concerning Plaintiff's loan modification through April 8, 2016, disagreeing over whether Plaintiff needed to submit a divorce decree in order to qualify under the Home Affordable Modification Program ("HAMP"). Plaintiff claims she never received a detailed written response denying or approving her loan modification application. On May 18, 2016, the property was sold. Caliber recorded a Trustee's Deed Upon Sale on May 26, 2016, and Quality, as trustee, granted all right, title, and interest in the property to Trust.

---

[3] The following recitation of facts is taken, at times verbatim, from Plaintiff's Complaint. ECF No. 1.

On July 19, 2017, Plaintiff filed her Complaint in the Superior Court of the State of California for Sacramento County. Defendant then removed the case to this Court on August 28, 2017. On May 3, 2018, this Court denied Plaintiff's Motion to Remand. ECF No. 17. Plaintiff alleges the following causes of action, all of which Defendants seek to dismiss: (1) Negligence (against all Defendants); (2) Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. (against all Defendants); (3) Violation of California Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code § 2923.6 ("§ 2923.6") (against Caliber, Trust, and Quality); (4) Violation of HBOR, Cal. Civ. Code § 2923.7 ("§ 2923.7") (against Caliber, Trust, and Chase); and (5) Wrongful Foreclosure, Cal. Civ. Code § 2923.6 (against all Defendants).

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

# ANALYSIS[4]

### A.    Plaintiff's Claims Against Chase Are Dismissed With Leave to Amend

Chase seeks dismissal on grounds that it transferred servicing of Plaintiff's loan to Caliber in August 2015, nine months before the May 2016 foreclosure. Chase's Mot. Dismiss, ECF No. 22, at 5. Plaintiff concedes that Chase had no involvement in her May 2016 foreclosure, but argues that she has "alleged that Chase committed unlawful conduct during the time periods when it did have a beneficial interest and was servicing her loan," such as failing to approve or deny Plaintiff's loan modification application prior to the servicing transfer. Pl.'s Opp'n to Chase's Mot. Dismiss, ECF No. 27, at 3-4.

First, Plaintiff argues that Chase "cannot escape liability merely because it later transferred its beneficial interest in and servicing rights to the loan." Id. at 4. However, Plaintiff fails to cite any legal authority in support of this proposition, instead arguing that to rule otherwise "would cause an absurd result whereby mortgage beneficiaries and servicers could violate the laws as they please without any repercussions . . ." Id. at 2. Second, Plaintiff states in her Opposition that "[e]ither Chase had failed to apprise Caliber of the pending review, or Caliber failed to complete the pending review prior to recording the foregoing Notice of Trustee's Sale after it had been apprised of the pending review by Chase when it took over servicing of Plaintiff's loan." Id. at 5. This statement is speculative: either Chase told Caliber about the pending application or it did not. Plaintiff has not asserted any facts alleging Chase did not inform Caliber of the pending application. If Chase did inform Caliber, then Plaintiff essentially faults Chase for Caliber's deficient review. See Chase's Reply to Pl.'s Opp'n, ECF No. 28, at 3.

---

[4] Because some of Plaintiff's causes of action are derivative of others, the Court will address her claims out of order.

5

Regardless, Plaintiff states that she contacted Caliber about the status of her loan modification application in late September and early October 2015, and Caliber subsequently requested more documentation. Compl., ECF No. 1, at 12.

Ultimately, Plaintiff fails to allege how Chase's conduct resulted in the May 2016 foreclosure. See Lou v. JP Morgan Chase Bank N.A., Case No. 3:17-cv-04157-WHO, 2018 WL 1070598, at *3 (N.D. Cal. Feb. 26, 2018) (finding plaintiff failed to allege Chase's involvement in the foreclosure because "U.S. Bank, Caliber, and Summit instituted the foreclosure proceedings, and [] Chase assigned its interest in the loan to U.S. Bank"). Therefore, Chase's motion to dismiss all causes of action is granted with leave to amend.

**B.  Caliber and Trust's Motion to Dismiss Plaintiff's HBOR Claims Is Denied**

   **1.  Plaintiff's § 2923.6 Claim**[5]

California Civil Code § 2923.6, part of California's HBOR, places restrictions on the recording of Notices of Default or Notices of Trustee's Sale while a loan modification application is pending. The practice by mortgage lenders of negotiating with homeowners in default on their applications for a loan modification, while simultaneously advancing the foreclosure process, is commonly referred to as "dual tracking." When plaintiff filed this lawsuit in 2017, § 2923.6(c) provided:

///

///

///

---

[5] The California Legislature amended California Civil Code § 2923.6(c) effective January 1, 2018, but the prior version of the statute governs events that took place before the time of this amendment. See Faught v. Wells Fargo Bank, No. 2:17-cv-01706-MCE-KJN, 2018 WL 1071269, at *1 n.2 (E.D. Cal. Feb. 27, 2018) (holding the prior version of the statute governs events that took place before the time of enactment of the amended version); Ogamba v. Wells Fargo Bank, No. 2:17-cv-01754-KJM-AC, 2018 WL 2842495, at *2 (E.D. Cal. June 11, 2018) ("Section 2923.6(c) was repealed on January 1, 2018, but the dual tracking provision was amended and re-numbered as section 2924.11(a) (2018). The repeal and amendment does not affect plaintiff's claim, given that the provision's words remain almost identical.") (internal citations omitted); Harris v. United States, Case No. 18cv0001-GPC(AGS), 2018 WL 1410819, at *2 n.2 (S.D. Cal. Mar. 21, 2018) ("When this case was filed on January 2, 2018, section 2923.6(c) was repealed as of January 1, 2018. However, the dual tracking provision under Cal. Civ. Code section 2923.6 was amended and renumbered to Cal. Civ. Code section 2924.11 (2018).") (internal citations omitted).

6

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

Cal. Civ. Code § 2923.6(c).

First, Caliber and Trust argue that Plaintiff failed to submit a complete application because she did not supply a divorce decree upon request. Caliber and Trust's Mot. Dismiss, ECF No. 19, at 13. An application is "deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h). Plaintiff contends "it was simply impossible for Plaintiff to submit a divorce decree to Caliber at the time it was requested, because the divorce proceedings were still underway at the time and no final decree had been issued." Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 6. As an alternative, Plaintiff submitted "the family court order and resulting quit claim deed," which she claims satisfies HAMP requirements. Compl., ECF No. 1, at 12 ("[W]here a borrower quit claims property to a remaining borrower, the documentation that must be collected by a servicer is a 'quit claim or divorce decree.'"). Based on these allegations, Plaintiff has sufficiently pleaded facts suggesting her application may have been complete.

Next, Caliber and Trust contend that Plaintiff failed to allege she documented and submitted a material change in financial circumstances to support a new review for loan modification. Caliber and Trust's Mot. Dismiss, ECF No. 19, at 13. Plaintiff alleges in the Complaint, however, that when she returned to work in January 2016, she "experienced a significant and material positive change in her monthly income." Compl., ECF No. 1, at 12. Plaintiff then "reached out to Caliber and was solicited to submit a new loan modification application," which she submitted with supporting documentation. Id. Plaintiff also contends that she received numerous letters from Caliber confirming receipt of her requests for mortgage assistance, which included the documentation. Id.

at 13, 17.  This factor, then, also militates against Caliber and Trust's argument that they bear no potential liability.  Accordingly, their motion to dismiss Plaintiff's § 2923.6 claim is DENIED on this ground as well.

### 2. Plaintiff's § 2923.7 Claim

The California Legislature enacted the HBOR to ensure "borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options.  California State Assembly No. 278/Senate Bill No. 900 Sec. 1(b).  The statute requires the lender to provide the borrower one or more direct means of communication with a Single Point of Contact ("SPOC") when a borrower requests a foreclosure prevention alternative like a loan modification.  Cal. Civ. Code § 2923.7(a).[6]  Plaintiff argues she was not given "a direct means of contact with an identifiable SPOC."  Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 7.  Caliber and Trust contend that Plaintiff's SPOC was a team of personnel, thus meeting the statutory requirements.  Caliber and Trust's Mot. Dismiss, ECF No. 19, at 14; see Cal. Civ. Code § 2923.7(e) (defines SPOC as "an individual or team of personnel").

For a § 2973.7 allegation to survive a motion to dismiss, a plaintiff can show delay, demonstrate that the point of contact was unresponsive, or aver that Defendants made assurances during the review of the loan modification which were not kept.  See Ogamba v. Wells Fargo, N.A., No. 2:17-cv-01754-KJM-AC, 2018 WL 2842495, at *10-11 (E.D. Cal. June 11, 2018) (finding plaintiff's SPOC did not perform required statutory duties when plaintiff was directed to speak to other employees causing "delays, duplicate submission requirements, and miscommunications such that her home was foreclosed exactly one day after she was assured the sale would be postponed");

---

[6] The parties dispute whether § 2923.7 requires a mortgage servicer to provide a SPOC upon a borrower's request for a SPOC or upon a borrower's request for a foreclosure prevention alternative.  This Court has previously held that a borrower must specifically request a SPOC to create an obligation for the servicer to provide one.  Jerviss v. Select Portfolio Servicing, Inc., No. 2:15-cv-01904-MCE-KJN, 2015 WL 7572130, at *6 (E.D. Cal. Nov. 25, 2015).  Regardless, both parties seem to agree that Plaintiff was appointed a SPOC but dispute the adequacy of that contact.

8

Terry v. Wells Fargo Bank, N.A., No. C 15-01483 WHA, 2016 WL 3017558, at *4 (N.D. Cal. May 26, 2016) (finding allegations "sufficient to survive a motion to dismiss" where the points of contact gave conflicting advice and were not particularly responsive "only a month or so before defendants recorded a notice of trustee's sale"; noting "HBOR was intended to prevent borrowers from getting just this kind of run-around"); Penermon v. Wells Fargo Bank, N.A., 47 F. Supp. 3d 982, 1000 (N.D. Cal. 2014) (rejecting motion to dismiss SPOC claim where representative assured the plaintiff foreclosure would be postponed during review process, but the foreclosure proceeded anyway).

Here, Plaintiff alleges she was not "appointed an adequate or continuous [SPOC] and was required to speak to a brand new associate every single time she contacted Caliber before being assisted." Compl., ECF No. 1, at 18. Plaintiff also asserts that Caliber "failed to return phone calls as promised to [Plaintiff] numerous times" and "improperly insisted that [Plaintiff] had not submitted the 'divorce decree'" despite the ongoing nature of her divorce case and her numerous submissions of the quit claim deed and court order. Id. at 13. Finally, Plaintiff "never received a detailed written response from Caliber denying or approving her loan modification application" prior to the trustee's sale on May 18, 2016. Id. It is precisely for these reasons that it is plausible Plaintiff did not know her property would be sold and thus was denied the ability to seek other options. Given these allegations, Plaintiff has sufficiently stated a claim that Caliber and Trust did not meet their statutory obligations.

### 3. Damages

"In order to properly allege a claim under [§ 2923.6 and § 2923.7], a plaintiff must allege that a violation of the provision was the cause of actual economic damages." Rockridge Trust v. Wells Fargo NA, Case No. 13-cv-01457-JCS, 2014 WL 688124, at *23 (N.D. Cal. Feb. 19, 2014); see also Cal. Civ. Code § 2924.12(b) (West 2015) ("After a trustee's deed upon sale has been recorded, a mortgage servicer . . . shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section . . . 2923.6, 2923.7, . . ."). Caliber and Trust argue that

Plaintiff's alleged damages of excessive interest accumulation, negative amortization, pain, suffering, and emotional distress do not constitute such damages, and Plaintiff fails to respond to this contention in her Opposition, thus tacitly conceding their inadequacy. However, Plaintiff also seeks damages resulting from loss of equity and destruction of credit standing, which are considered recoverable economic damages. See Miles v. Deutsche Bank Nat'l Trust Co., 236 Cal. App. 4th 394, 409 (4th Dist. 2015) (recoverable damages include loss of equity and damage to credit). The Court thus finds that Plaintiff adequately alleges the requisite damages under the HBOR, and Caliber and Trust's motion to dismiss Plaintiff's HBOR claims is thus DENIED.

### C. Caliber and Trust's Motion to Dismiss Plaintiff's Negligence Claim Is Granted With Leave to Amend

Plaintiff purports to bring her negligence claim based on both independent negligence and negligence per se. Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 3. To establish a claim of negligence, Plaintiff must show (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. See Merrill v. Navegar, Inc., 26 Cal. 4th 465, 500 (2001). HBOR's current and former section 2924.12(b) provides for "actual economic damages pursuant to [Cal. Civ. Code] Section 3281," which "defines damages as monetary compensation for one who suffers detriment from the unlawful act or omission of another." Flethez v. San Bernardino Cty. Emps. Ret. Ass'n, 2 Cal. 5th 630, 635 n.2 (2017) (internal quotation marks omitted). Negligence per se is not an independent cause of action recognized in California. Rather, the term refers to the borrowing of a statute to establish either the duty or standard of care in a negligence cause of action. See Elsner v. Uveges, 34 Cal. 4th 915, 927 n.8 (2004).

Plaintiff asserts that "[h]ad defendants fairly and carefully reviewed Plaintiff for loss mitigation options, she would not have suffered the damages alleged." Compl., ECF No. 1, at 15. She further argues that "to the extent [she] otherwise qualified and would have been granted a modification, defendants' conduct in mishandling the loan

modification application submitted by Plaintiff directly precluded the loan modification application from being timely or fairly processed." Id. Caliber and Trust assert that the "proximate cause of Plaintiff's alleged damages was her admitted default on the Loan, not the alleged misfeasance of Caliber and the Trust in its servicing of the Loan." Caliber and Trust's Mot. Dismiss, ECF No. 19, at 15. Indeed, in her Opposition, Plaintiff concedes that she "is certainly to blame for a portion of the damages, [although] as a direct and proximate result of Caliber's negligence, she sustained <u>preventable</u> further damages." Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 8.

Moreover, Plaintiff contradicts herself in her various filings. In her Complaint, Plaintiff admits "there was no guarantee the modification would be granted had the loan been properly processed, [although] the mishandling of the documents deprived Plaintiff of the possibility of obtaining the requested relief." Compl., ECF No. 1, at 15. But in her Opposition, Plaintiff argues that "[h]ad Caliber fairly and carefully reviewed Plaintiff for the modification, she would have been approved and would not have suffered the damages alleged herein." Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 8. Ultimately, Plaintiff has not sufficiently pleaded how Caliber and Trust's review of her application caused her to suffer damages. Accordingly, Caliber and Trust's motion to dismiss Plaintiff's negligence cause of action is granted with leave to amend.

### D. Caliber and Trust's Motion to Dismiss Plaintiff's UCL Claim Is Granted With Leave to Amend

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges Defendants violated the UCL by "fail[ing] to ensure that appropriate safeguards were put into place prior to the completed foreclosure sale" and selling Plaintiff's home "without providing [her] a fair review" for loan modification. Compl., ECF No. 1, at 16.

Plaintiff seeks "excessive interest accumulation, negative amortization, loss of equity, destruction of credit standing, pain, suffering, and emotional distress." Compl., ECF No. 1, at 16. Caliber and Trust argue that Plaintiff's UCL claim must fail because

Plaintiff seeks damages, which are not recoverable under the statutory scheme. Caliber and Trust's Mot. Dismiss, ECF No. 19, at 21. "A UCL action is equitable in nature; damages cannot be recovered." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003) (internal citations omitted). "[U]nder the UCL, prevailing plaintiffs are generally limited to injunctive relief and restitution." Id. (internal quotation marks and citations omitted). "In the context of the UCL, 'restitution' is meant to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest, and is so limited." In re First Alliance Mortg. Co., 471 F.3d 977, 996 (9th Cir. 2006). Plaintiff fails to respond to Caliber and Trust's assertion, instead merely reiterating that she is entitled to damages. Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 11. Because damages are not recoverable under the UCL, this claim fails as well, and Caliber and Trust's motion to dismiss Plaintiff's UCL claim is granted with leave to amend.

### E. Caliber and Trust's Motion to Dismiss Plaintiff's Wrongful Foreclosure Claim Is Granted With Leave to Amend

"Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale that has already occurred." Foster v. SCME Mortg. Bankers, Inc., 2:10-cv-0518 WBS GGH, 2010 WL 1408108, at *4 (E.D. Cal. Apr. 7, 2010). The elements of a claim of wrongful foreclosure under California law are as follows:

> (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (6th Dist. 2011). Plaintiff alleges Caliber and Trust "foreclosed under the subject Deed of Trust although a loss mitigation application was under review." Compl., ECF No. 1, at 18.

///

The first element of an illegal, fraudulent, or willfully oppressive sale is premised on Plaintiff's negligence and § 2923.6 causes of action. Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 11. What concerns the Court, however, is Plaintiff's admission in her Opposition that she is "not challenging the legal validity of the foreclosure sale" and that she does not "seek to rescind the sale nor challenge the bank's authority to transfer said title." Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 11. Instead, Plaintiff is "alleging damages as a result of it." Id. If Plaintiff concedes that the foreclosure sale was lawful, then not only does this element fail but the entire cause of action must fail.

Similarly, Plaintiff fails to adequately plead the second element. "Prejudice or harm is not established unless the plaintiff demonstrates that the foreclosure would have been averted but for the alleged deficiencies." Ogilvie v. Select Portfolio Servicing, No. 12-cv-001654-DMR, 2012 WL 4891583, at *8 (N.D. Cal. Oct. 12, 2012) (internal citations omitted). Plaintiff admits in her Opposition that she "is certainly to blame for a portion of the damages," but Defendants' negligence resulted in "preventable further damages." Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 8.

Lastly, in California, a full tender must be made to set aside a foreclosure sale. Stebley v. Litton Loan Servicing, 202 Cal. App. 4th 522, 526 (3d Dist. 2011). Plaintiff argues that tender is not required when it would be inequitable to do so. Pl.'s Opp'n to Caliber and Trust's Mot. Dismiss, ECF No. 25, at 11. However, Plaintiff has not explained how an offer to tender would be inequitable in the current circumstances. Therefore, regardless of whether or not Defendants were entitled to conduct the foreclosure process, Plaintiff has not offered to tender, and thus, her claim for wrongful foreclosure fails on this element as well. Accordingly, Caliber and Trust's motion to dismiss the wrongful foreclosure cause of action is granted with leave to amend.

///

///

///

13

**CONCLUSION**

For the reasons set forth above, Caliber and Trust's Motion to Dismiss, ECF No. 19, is GRANTED with leave to amend in part and DENIED in part. Chase's Motion to Dismiss, ECF No. 22, is GRANTED with leave to amend as well. Not later than twenty (20) days from the date of this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, all causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice without further notice to the parties.

IT IS SO ORDERED.

Dated: March 28, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE